|   |   |
|---|---|
| RAVON GOOD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA STATE PRISON-SOLANO, *et al.*,<br><br>　　　　　　Defendants. | Case No. 2:21-cv-01653-TLN-JDP (PC)<br><br>ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>ECF No. 2<br><br>SCREENING ORDER THAT PLAINTIFF:<br><br>　(1) FILE AN AMENDED COMPLAINT; OR<br><br>　(2) STAND BY HIS COMPLAINT SUBJECT TO A RECOMMENDATION THAT IT BE DISMISSED<br><br>ECF No. 1<br><br>THIRTY-DAY DEADLINE |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

　　　Plaintiff Ravon Brown is a state inmate proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. He alleges that he was denied his mail. I find that plaintiff's claim should be dismissed since he has not named a proper defendant. Plaintiff has filed an application to proceed *in forma pauperis*, ECF No. 2, which makes the proper showing and so will be granted.

**Screening and Pleading Requirements**

A federal court must screen a prisoner's complaint that seeks relief against a governmental entity, officer, or employee. *See* 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2).

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (*quoting Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

Plaintiff alleges that on July 20, 2020, mail room staff denied him access to his mail. While such a claim might generally be viable, *see Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989) (holding that prisoners have a First Amendment right to send and receive mail), plaintiff has failed to name an individual responsible for the violation. Plaintiff included two defendants

2

in the caption of his complaint: California State Prison-Solano ("CSP-Solano") and G. Matteson, Warden of CSP-Solano. Matteson is not a proper defendant because plaintiff has alleged no facts against him and has not adequately established supervisory liability. To state a claim for relief under § 1983 based on a theory of supervisory liability, a plaintiff must allege facts that would support a claim that the supervisory defendant was either personally involved in the alleged deprivation of constitutional rights, *see Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); "knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); or promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation," *Hansen*, 885 F.2d at 646 (citations and internal quotation marks omitted). Additionally, CSP-Solano is a state agency and is immune from suit under the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (holding that Eleventh Amendment immunity extends to state agencies); *Edwards v.C.S.P.-Solano*, No. CIV S-08-0620JAMCMKP, 2009 WL 1212259, at *2 (E.D. Cal. May 5, 2009) ("As an arm of the California Department of Corrections and Rehabilitation, which is the state agency responsible for incarceration, defendant California State Prison-Solano is immune from suit and must be dismissed.").

**Conclusion**

The court has screened plaintiff's complaint and finds that it fails to state a cognizable claim against any defendant. Plaintiff may file an amended complaint if he wishes to proceed with this suit. As explained below, such an amended complaint would need to allege what each defendant did and why each defendant's actions violated plaintiff's rights. If plaintiff fails to amend his complaint within thirty days, I will issue findings and recommendations that plaintiff's complaint be dismissed for the reasons stated in this order.

Should plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of plaintiff's rights. *See Iqbal*, 556 U.S. at 678. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*,

550 U.S. at 570).  Plaintiff should note that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims.  Plaintiff should name each defendant and explain what happened, describing personal acts by each individual defendant that resulted in the violation of plaintiff's rights.  Plaintiff should also describe any harm he suffered from the violation of his rights.  Plaintiff should not add unrelated issues.  *See* Fed. R. Civ. P. 18; *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits . . . .").

Any amended complaint will supersede the original complaint, *Lacey v. Maricopa Cnty.*, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (en banc), and must be complete on its face without reference to the prior, superseded pleading, see E.D. Cal. Local Rule 220.  Once an amended complaint is filed, previous complaints no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.  Accordingly, it is ORDERED that:

1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is granted.

2. Within thirty days from the service of this order, plaintiff must either file an Amended Complaint or advise the court he wishes stand by his current complaint.

3. Failure to comply with this order may result in the dismissal of this action.

4. The clerk's office is directed to send plaintiff a complaint form.

IT IS SO ORDERED.

Dated:     March 28, 2022                           _____
                                                    JEREMY D. PETERSON
                                                    UNITED STATES MAGISTRATE JUDGE