UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAVON GOOD, | Case No. 2:21-cv-01653-TLN-JDP (PC) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| Y. GUMATAOTAO, | |
| Defendant. | |

Plaintiff is a state prisoner proceeding without counsel in this action brought under 42 U.S.C. § 1983. Plaintiff alleges that defendant Y. Gumataotao, a mailroom staff member at California State Prison-Solano, violated his First Amendment rights by unjustifiably seizing his incoming mail, which included sixty postage stamps. Defendant moves to dismiss on three grounds: plaintiff failed to exhaust his administrative remedies prior to filing suit, plaintiff failed to affirmatively allege that he followed the prison procedure for the return of confiscated property, and defendant is entitled to qualified immunity. ECF No. 24. I recommend that defendant's motion to dismiss be denied.

**Standards**

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the claims asserted in a complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). In ruling on a Rule 12(b)(6) motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Am. Family Ass'n v.*

1

1    *City & Cnty. of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002).  Although a complaint
2    attacked by a Rule 12(b)(6) motion "does not need detailed factual allegations," a plaintiff must
3    provide "more than labels and conclusions."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555
4    (2007).

5    To state a plausible claim for relief, the complaint "must contain sufficient allegations of
6    underlying facts" to support its legal conclusions.  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.
7    2011).  "Factual allegations must be enough to raise a right to relief above the speculative level
8    on the assumption that all the allegations in the complaint are true (even if doubtful in fact) . . . ."
9    *Twombly*, 550 U.S. at 555 (citations and footnote omitted).  Accordingly, to survive a motion to
10   dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to
11   relief that is plausible on its face," which means that a plaintiff must plead sufficient factual
12   content to "allow[ ] the Court to draw the reasonable inference that the defendant is liable for the
13   misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks
14   omitted).  A complaint must contain "well-pleaded facts" from which the court can "infer more
15   than the mere possibility of misconduct."  *Id.* at 679.

**Discussion**

**A.  Exhaustion of Administrative Remedies**

18   Defendant first seeks dismissal on the ground that plaintiff failed to exhaust administrative
19   remedies before initiating this action.  Such arguments generally are raised in a motion for
20   summary judgment.  *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc).  A
21   motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to
22   exhaust should only be granted in the "rare" case where "a failure to exhaust is clear on the face
23   of the complaint."  *Id.*; *see also Smith v. Valencia*, 2018 WL 934550, at *3 (N.D. Cal. Feb. 16,
24   2018).  This is not such a case.  Plaintiff affirms in the operative complaint that he did exhaust his
25   administrative remedies by both filing an administrative grievance and appealing it to the highest
26   level.  *See* ECF No. 11 at 4.  Therefore, dismissal is not warranted on this ground.[1]

---

[1] I have considered defendant's argument that non-exhaustion is demonstrated on the face

**B. Failure to State a Claim**

Defendant next argues that plaintiff did not plead that he followed the institutional procedures for the return of his stamps. ECF No. 24 at 7. Relying on the Form CDCR 22 attached to plaintiff's original complaint, defendant states that she informed plaintiff that he should "send a self address[ed] envelope to where you want excessive stamps to be mailed to." *See* ECF No. 1 at 15. She insists that plaintiff's failure to plead that he complied with her directive renders his claim noncognizable. This is inaccurate. Plaintiff is only required to plead that his authorized incoming mail was improperly confiscated. He has, again, met the requirements. Therefore, dismissal is not warranted on this ground, either.

**C. Qualified Immunity**

Lastly, defendant argues that she is entitled to qualified immunity because she complied with institutional regulations when confiscating plaintiff's stamps. Specifically, she notes that an inmate is limited to receiving forty postage stamps, *see* Cal. Code of Reg., tit. 15, § 3134(a)(11), and that an inmate must be informed of the withholding of any incoming mail, *see id.* § 3136(a). Having complied with these regulations, defendant claims that she "was entitled to presume that doing so would not violate Plaintiff's constitutional rights, as there is no clearly established law to the contrary." ECF No. 24 at 7-8.

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

---

of the non-operative complaint and a copy of plaintiff's grievance, which is attached thereto. I find this argument unconvincing for two reasons. First, the original complaint and its attachments became inoperative once plaintiff filed the first amended complaint; they are not presently before me. Second, even if the grievance were properly before me, defendant's argument would be unpersuasive. In the grievance, plaintiff complained about improper confiscation of his stamps and cited the rationale for the confiscation (excessive property). *See* ECF No. 1 at 10. Defendant argues that this did not exhaust his administrative remedies because the grievance did not refer to the specific institutional rule used to justify the confiscation of stamps. ECF No. 24 at 5-6. But defendant cites no authority establishing that an inmate must identify a specific rule, regulation, or law that forms the basis of his claim. On the contrary, to properly exhaust administrative remedies, a prisoner's grievance "need not contain every fact necessary to prove each element of an eventual legal claim[; t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation." *Griffin v. Arpaio*, 557 F.3d 1117, 1120 (9th Cir. 2009).

rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (internal quotation marks omitted) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). To determine whether an officer is entitled to qualified immunity, the court asks, in the order it chooses, (1) whether the alleged misconduct violated a constitutional right; and (2) whether the right was clearly established at the time of the alleged misconduct. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1132 (9th Cir. 2018).

Qualified immunity exists to shield an officer from liability for "mere mistakes in judgment, whether the mistake is one of fact or one of law." *Butz v. Economou*, 438 U.S. 478, 507 (1978). To determine whether the law was clearly established, courts do not "require a case directly on point," but existing precedent must have placed the "constitutional question beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011). When this test is properly applied, it protects "all but the plainly incompetent or those who knowingly violate the law." *Id.* at 743.

Attempting to resolve defendant's qualified immunity defense at this procedural posture would place the court in the difficult position of deciding "far-reaching constitutional questions on a nonexistent factual record." *Wong v. United States*, 373 F.3d 952, 957 (9th Cir. 2004). In civil rights cases in particular, "dealing with qualified immunity on a motion to dismiss may be inappropriate." *Hunt v. City of Los Angeles*, 2013 WL 12164626, at *9 (C.D. Cal. Aug. 19, 2013) (citing *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001) ("[A] complaint is generally not dismissed under [Rule] 12(b)(6) on qualified immunity grounds.")). Thus, "although government officials have the right to raise qualified immunity on a motion to dismiss, it is not necessarily advisable to do so in every case since an 'ill-considered filing of a qualified immunity appeal on the pleadings alone can lead not only to a waste of scarce public and judicial resources, but to the development of legal doctrine that has lost its moorings in the empirical world, and that might never need to be determined were the case permitted to proceed, at least to the summary judgment stage.'" *Id.* (quoting *Wong*, 373 F.3d at 957).

Defendant's contention that she is entitled to qualified immunity because she was merely complying with institutional regulations fails because plaintiff alleges that defendant did *not* comply with institutional regulations when confiscating his stamps. As such, under the current

circumstances, the court finds that the "instant briefing is insufficient for the court to make a qualified immunity determination," and defendant is not entitled to dismissal on this ground. *Id.*

It is hereby RECOMMENDED that defendant's motion to dismiss, ECF No. 24, be denied, and defendant be directed to submit an answer within fourteen days of the adoption of this recommendation.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    June 1, 2023   

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

5